Dear Mr. DeCuir:
Our office is in receipt of your opinion request in which you inquire as to whether a member of the Natchitoches Parish School Board may also hold full-time, temporary employment at Northwestern State University.
LSA-R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds elective office.
The position of parish school board member is an elective office within a political subdivision of the state. Employment by a state college or university is considered state employment. LSA-R.S. 42:63(D) generally prohibits the holding of a local elective office and employment in the government of the state.
However, LSA-R.S. 42:66(B) provides an exemption to the above prohibition:
 B. Nothing in this part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This office has consistently held that the factors that determine employment in a professional educational capacity include duties which affect the curriculum taught at the university or college, duties which require participation in the delivery of educational programs at the university or college, and duties which require the planning of long and short range educational goals for the students of the university or college. See Attorney General Opinions 94-393, 95-113, 97-304 and 98-82.
The common element shared by these factors is that each is related to or directly affects the curriculum or educational programs offered by the school. The job coach for the Welfare-to-Work Initiative is required to have direct contact with the participants through crisis intervention, act as liaison between the participant and the employer, maintain a phone and travel log, establish a trusting relationship with the participant, act as an advocate for the program, reinforcement of stress management and conflict resolution skills, assist the employment specialist in job placement when needed, keep proper documentation of incidents that should be discussed with the entire staff, and be abreast of all community services available to participants. These responsibilities all require direct participation in the delivery of the educational programs at Northwestern State University.
Therefore, it is the opinion of this office that a person serving on the Natchitoches Parish School Board may also serve as the job coach for the Welfare to Work Initiative at Northwestern State University, as the latter provision falls under the exemption for those persons employed in a professional educational capacity as provided in LSA-R.S. 42:66(B).
I trust this addresses your concerns. Please contact this office should require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
RPI:CMF:gbl